O'HARE PARNAGIAN LLP
Robert A. O'Hare Jr. (RO 6644)
Andrew C. Levitt (AL 8183)
82 Wall Street, Suite 300
New York, NY 10005
212-425-1401
212-425-1421 (f)

APPEL & LUCAS, P.C.
Peter J. Lucas (PL 9536)
1917 Market Street, Suite A
Denver, CO 80202
303-297-9800
866-849-8016 (f)

*Attorneys for Plaintiff
Franklin Credit Management Corporation*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

FRANKLIN CREDIT MANAGEMENT
CORPORATION,

             Plaintiff,

    - against -

PINE STATE MORTGAGE CORPORATION,

             Defendant.

------------------------------------- x

No. 08 CV 2430

ECF Case

**COMPLAINT**

**JURY TRIAL DEMAND**

Plaintiff Franklin Credit Management Corporation ("Franklin Credit"), by its attorneys, O'Hare Parnagian LLP, as and for its Complaint against defendants Pine State Mortgage Corporation ("Pine State"), respectfully alleges, upon knowledge with respect to itself and its own acts and upon information and belief with respect to all other matters, as follows:

## PARTIES

1. Franklin Credit is a Delaware corporation with its principal place of business at 101 Hudson Street, 25th Floor, Jersey City, New Jersey.

2. Pine State is a Georgia Corporation with its principal place of business at 6065 Roswell Road NE, Suite 300, Atlanta, Georgia.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in this judicial district and this Court has personal jurisdiction over Pine State because Franklin Credit and Pine State have consented and waived any objection to jurisdiction and venue in this District and this Court for any legal proceedings relating to the subject loan purchase agreements between them.

## FACTS

5. On or about February 12, 2006, Pine State and Franklin Credit entered into a master loan purchase agreement (the "Master LPA"). The Master LPA set forth the terms by which Franklin Credit purchased certain residential mortgage loans from Pine State.

6. Each subsequent sale of mortgage loans by Pine State and purchase by Franklin Credit was done pursuant to separate loan purchase agreements that incorporated the terms of the Master LPA, including loan purchase agreements dated as of: (a) February 28, 2007 (the "2/28/07 Agreement"); (b) March 30, 2007 (the "3/30/07 Agreement"); (c) April 19, 2007 (the "4/19/07 Agreement"); and (d) May 15, 2007 (the "5/15/07 Agreement").

7. Pursuant to these Agreements, Franklin Credit purchased mortgage loans from

Pine State totaling $779,463.98.

8. In the Master LPA, Pine State agreed to repurchase each loan in which the mortgagor (borrower) failed to make its first or next payment, following the purchase of such loan by Franklin Credit, within 30 days of the due date of the loan (an "Early Payment Default"). The repurchase by Pine State was to be made within 15 days of a demand for repurchase by Franklin Credit. Specifically, Subsection 3.04(c) of the Master LPA provides:

> *Repurchase of Defaulting Performing Loans.* Notwithstanding paragraphs (a) and (b) above . . . if the Mortgagor fails to make the first payment due within thirty (30) days of the due date set forth in the Loan Schedule, Seller agrees to repurchase Mortgage Loan within fifteen (15) days of Seller's receipt of notice of such default from Purchaser.

9. Subsection 3.05(a) and Section 8.09 of the Master LPA set forth the provisions for indemnification and attorneys fees, respectively, and provide in relevant part:

> (a) *Indemnification.* Seller shall indemnify and hold Purchaser . . . harmless from and against any and all claims, costs, liabilities, losses and expenses (including counsel fees) arising out of or relating to any breach of the representations or warranties, or non-compliance with any covenant or obligation contained in this Agreement which claims, costs, liabilities, losses and expenses are not satisfied and fully released by the Seller's compliance with the Repurchase provisions of Section 3.04. Purchaser shall have the right to demand indemnification without any need or requirement to demand repurchase.
>
> (b) *Attorneys Fees.* If any action or proceeding is brought for the enforcement of this Agreement, or because of an alleged dispute, breach, default, or misrepresentation in connection with any of the provisions of this Agreement, the successful or prevailing party shall be entitled to reasonable attorneys' fees and other costs incurred in that action or proceeding, in addition to any other relief to which it or they may be entitled.

10. Following Franklin Credit's purchases of the mortgage loans, certain mortgagors (borrowers) failed to make their first payment within thirty days of the initial payment due date.

11. Thereafter, Franklin Credit put Pine State on notice of the Early Payment Defaults

with respect to each loan at issue, and demanded repurchase of each identified loan.

12. Pine State has specifically refused or simply failed to repurchase any of the mortgage loans for which a demand for repurchase was made.

13. As a result of Pine State's conduct, Franklin Credit has suffered damages in excess of $779,000.

14. All conditions precedent to the commencement of this action have been met.

## COUNT I
### (Breach of Contract – Master LPA)

15. Franklin Credit repeats and realleges the preceding paragraphs as if fully set forth herein.

16. Franklin Credit and Pine State are parties to the Master LPA.

17. Franklin Credit has fully performed all of its obligations and satisfied all conditions precedent under the Master LPA and is ready, willing, and able to convey the subject loans to Pine State following payment of the appropriate repurchase price for the loans.

18. Pine State has failed to repurchase the subject loans as demanded.

19. Franklin has been directly and proximately damaged by Pine State's conduct in an amount to be determined at trial but for a sum no less than $190,981.14.

## COUNT II
### (Breach of Contract – 2/28/07 Agreement)

20. Franklin Credit repeats and realleges the preceding paragraphs as if fully set forth herein.

21. Franklin Credit and Pine State are parties to the 2/28/07 Agreement.

22. The 2/28/07 Agreement, with certain exceptions not relevant here, incorporated all of the terms and conditions of the Master LPA, including Subsection 3.04(c).

23. Franklin Credit has fully performed all of its obligations and satisfied all conditions precedent under the 2/28/07 Agreement and is ready, willing, and able to convey the subject loans to Pine State following payment of the appropriate repurchase price for the loans.

24. Pine State has failed to repurchase the subject loans as demanded.

25. Franklin Credit has been directly and proximately damaged by Pine State's conduct in an amount to be determined at trial but for a sum no less than $36,347.79.

## COUNT III
### (Breach of Contract – 3/30/07 Agreement)

26. Franklin Credit repeats and realleges the preceding paragraphs as if fully set forth herein.

27. Franklin Credit and Pine State are parties to the 3/30/07 Agreement.

28. The 3/30/07 Agreement, with certain exceptions not relevant here, incorporated all of the terms and conditions of the Master LPA, including Subsection 3.04(c).

29. Franklin Credit has fully performed all of its obligations and satisfied all conditions precedent under the 3/30/07 Agreement and is ready, willing, and able to convey the subject loans to Pine State following payment of the appropriate repurchase price for the loans.

30. Pine State has failed to repurchase the subject loans as demanded.

31. Franklin Credit has been directly and proximately damaged by Pine State's conduct in an amount to be determined at trial but for a sum no less than $77,257.38.

## COUNT IV
### (Breach of Contract – 4/19/07 Agreement)

32. Franklin Credit repeats and realleges the preceding paragraphs as if fully set forth herein.

33. Franklin Credit and Pine State are parties to the 4/19/07 Agreement.

34. The 4/19/07 Agreement, with certain exceptions not relevant here, incorporated all of the terms and conditions of the Master LPA, including Subsection 3.04(c).

35. Franklin Credit has fully performed all of its obligations and satisfied all conditions precedent under the 4/19/07 Agreement and is ready, willing, and able to convey the subject loans to Pine State following payment of the appropriate repurchase price for the loans.

36. Pine State has failed to repurchase the subject loans as demanded.

37. Franklin Credit has been directly and proximately damaged by Pine State's conduct in an amount to be determined at trial but for a sum no less than $128,046.15.

## COUNT V
### (Breach of Contract – 5/15/07 Agreement)

38. Franklin Credit repeats and realleges the preceding paragraphs as if fully set forth herein.

39. Franklin Credit and Pine State are parties to the 5/15/07 Agreement.

40. The 5/15/07 Agreement, with certain exceptions not relevant here, incorporated all of the terms and conditions of the Master LPA, including Subsection 3.04(c).

41. Franklin Credit has fully performed all of its obligations and satisfied all conditions precedent under the 5/15/07 Agreement and is ready, willing, and able to convey the subject loans to Pine State following payment of the appropriate repurchase price for the loans.

42. Pine State has failed to repurchase the subject loans as demanded.

43. Franklin Credit has been directly and proximately damaged by Pine State's conduct in an amount to be determined at trial but for a sum no less than $346,831.50.

## COUNT VI
### (Indemnification – All Agreements)

44. Franklin Credit repeats and realleges the preceding paragraphs as if fully set forth

herein.

45. Subsection 3.05(a) of the Master LPA requires Pine State to indemnify Franklin Credit against "all claims, costs, liabilities, losses and expenses (including counsel fees) arising out of or relating to a breach of the representations or warranties, or non-compliance with any covenant or obligation, contained in [the Master LPA]."

46. Subsection 3.05(a) of the Master LPA was incorporated and made a part of all of the subject agreements between Pine State and Franklin Credit.

47. Franklin Credit has incurred losses and expenses in connection with Pine State's non-compliance with the Agreements.

48. Franklin Credit remains exposed to further loss and expense in connection with Pine State's non-compliance with the Agreements.

49. Franklin Credit has been damaged by Pine State's conduct in an amount to be determined at trial.

## COUNT VII
### (Attorneys' Fees – All Agreements)

50. Franklin Credit repeats and realleges the preceding paragraphs as if fully set forth herein.

51. Section 8.09 of the Master LPA requires that when a party to it brings an action "for the enforcement of [the Master LPA], or because of an alleged dispute, breach, default, or misrepresentation in connection with any of the provisions of [the Master LPA]," the prevailing party is "entitled to reasonable attorneys' fees and other costs incurred in th[e] action."

52. Section 8.09 of the Master LPA was incorporated and made a part of all of the subject agreements between Pine State and Franklin.

53.     Franklin Credit has and will continue to incur attorneys' fees and expenses in connection with this action relating to Pine State's conduct.

54.     Franklin Credit is entitled to its attorneys' fees and expenses in an amount to be determined at trial.

## JURY DEMAND

55.     Franklin Credit demands a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Franklin Credit Management Corporation respectfully requests judgment against Pine State as follows:

(a)     On Count I, awarding Franklin Credit compensatory damages in an amount to be determined at trial, but for a sum not less than $190,981.14, together with interest thereon, costs, expenses, and disbursements incurred in this action;

(b)     On Count II, awarding Franklin Credit compensatory damages in an amount to be determined at trial, but for a sum not less than $36,347.79, together with interest thereon, costs, expenses, and disbursements incurred in this action;

(c)     On Count III, awarding Franklin Credit compensatory damages in an amount to be determined at trial, but for a sum not less than $77,257.38, together with interest thereon, costs, expenses, and disbursements incurred in this action;

(d)     On Count IV, awarding Franklin Credit compensatory damages in an amount to be determined at trial, but for a sum not less than $128,046.15, together with interest thereon, costs, expenses, and disbursements incurred in this action;

(e)     On Count V, awarding Franklin Credit compensatory damages in an amount to be determined at trial, but for a sum not less than $346,831.50, together with interest thereon, costs, expenses, and disbursements incurred in this action;

(f)     On Count VI, awarding Franklin Credit compensatory damages in an amount to be determined at trial, together with interest thereon, costs, expenses, and disbursements incurred in this action;

(g)     On Count VII, awarding Franklin Credit compensatory damages in an amount to be determined at trial, together with interest thereon, costs, expenses, and disbursements incurred in this action; and

(e)    Granting Franklin Credit such other and further relief as the Court deems just and proper.

Dated: New York, New York
       March 10, 2008

O'HARE PARNAGIAN LLP

Robert A. O'Hare Jr. (RO 6644)
Andrew C. Levitt (AL 8183)
82 Wall Street, Suite 300
New York, NY 10005
212 425-1401
212 425-1421 (f)

APPEL & LUCAS, P.C.
Peter J. Lucas (PL 9536)
1917 Market Street, Suite A
Denver, CO 80202
303-297-9800
866-849-8016 (f)

*Attorneys for Plaintiff*
*Franklin Credit Management Corporation*