UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____
                                            )
FRANKLIN CREDIT MANAGEMENT CORP., )
                                            )
            *Plaintiff,*                    )
                                            )
        v.                                  )   08-CV-2430 (SHS)
                                            )
PINE STATE MORTGAGE CORP.,                  )
                                            )
            *Defendant.*                    )
_____)

## ANSWER AND COUNTERCLAIM OF DEFENDANT
## PINE STATE MORTGAGE CORPORATION

Defendant Pine State Mortgage Corporation ("Pine State"), by and through its attorneys Venable LLP, hereby responds to the allegations in the paragraphs of the Complaint ("Complaint") filed by Franklin Credit Management Corporation ("Franklin Credit" or "Plaintiff") March 10, 2008 as follows:

1. Denies knowledge or information sufficient to admit or deny the truth of the allegations in this paragraph.

2. Admitted.

3. This paragraph sets forth legal conclusions to which no response is required.

4. This paragraph sets forth legal conclusions to which no response is required.

5. Denied, except admits that on or about February 12, 2006, Pine State and Franklin entered into a Master Loan Purchase Agreement ("Master LPA"), and refers to that agreement in its entirety for its contents.

6. Denied, except admits that Pine State and Franklin Credit entered into a Master LPA and subsequent loan purchase agreements, and refers to those agreements in their entirety for their contents.

7. Denied.

8. Denied, and refers to the language of the Master LPA in its entirety for its contents.

9. Denied, and refers to the language of the Master LPA in its entirety for its contents.

10. Denied.

11. Denied, except admits that Franklin Credit has demanded that Pine State repurchase loans.

12. Denied, except admits that Pine State has not repurchased any loans from Franklin Credit.

13. Denied.

14. This paragraph sets forth a legal conclusion to which no response is required. To the extent there are allegations of fact in this paragraph, they are denied.

## COUNT I

15. Pine State repeats and realleges its answers to the preceding paragraphs as if fully set forth herein.

16. Admitted.

17. Denied.

18. Denied, except admits that Pine State has not repurchased any loans from Franklin Credit.

19. Denied.

## COUNT II

20. Pine State repeats and realleges its answers to the preceding paragraphs as if fully set forth herein.

21. Admitted.

22. Denied, and Pine State refers to the language of the "2/28/07 Agreement" in its entirety for its contents.

23. Denied.

24. Denied, except admits that Pine State has not repurchased any loans from Franklin Credit.

25. Denied.

## COUNT III

26. Pine State repeats and realleges its answers to the preceding paragraphs as if fully set forth herein.

27. Denies knowledge or information sufficient to admit or deny the truth of the allegations in this paragraph.

28. Denies knowledge or information sufficient to admit or deny the truth of the allegations in this paragraph.

29. Denied.

30. Denied, except admits that Pine State has not repurchased any loans from Franklin Credit.

31. Denied.

## COUNT IV

32. Pine State repeats and realleges its answers to the preceding paragraphs as if fully set forth herein.

33. Denies knowledge or information sufficient to admit or deny the truth of the allegations in this paragraph.

34. Denies knowledge or information sufficient to admit or deny the truth of the allegations in this paragraph.

35. Denied.

36. Denied, except admits that Pine State has not repurchased any loans from Franklin Credit.

37. Denied.

## COUNT V

38. Pine State repeats and realleges its answers to the preceding paragraphs as if fully set forth herein.

39. Admitted.

40. Denied, and Pine State refers to the language of the "5/15/07 Agreement" in its entirety for its contents.

41. Denied.

42. Denied, except admits that Pine State has not repurchased any loans from Franklin Credit.

43. Denied.

## COUNT VI

44. Pine State repeats and realleges its answers to the preceding paragraphs as if fully set forth herein.

45. Denied, and Pine State refers to the language of the Master LPA in its entirety for its contents.

46. Denied, and Pine State refers to the language of the Master LPA and subsequent agreements in their entirety for their contents.

47. Denied.

48. Denied.

49. Denied.

## COUNT VII

50. Pine State repeats and realleges its answers to the preceding paragraphs as if fully set forth herein.

51. Denied, and Pine State refers to the language of the Master LPA in its entirety for its contents.

52. Denied, and Pine State refers to the language of the Master LPA and subsequent agreements in their entirety for their contents.

53. Denied.

54. Denied.

## JURY DEMAND

55. This paragraph does not contain any allegations of fact that require a response.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

56. The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

57. Plaintiff has failed to satisfy conditions precedent under the agreements at issue, and is thus not entitled to the relief sought in the Complaint.

### Third Affirmative Defense

58. Plaintiff has materially breached the agreements at issue, thereby excusing Pine State's performance.

### Fourth Affirmative Defense

59. Plaintiff's claims are barred by the doctrines of estoppel, laches, waiver and unclean hands.

### Fifth Affirmative Defense

60. Plaintiff has failed to mitigate its damages.

### Sixth Affirmative Defense

61. Pine State reserves the right to amend its answer to assert additional affirmative defenses.

## COUNTERCLAIM

62. The Master LPA is a binding enforceable agreement between Franklin Credit and Pine State.

63. Section 8.09 of the Master LPA sets forth provisions for indemnification and attorneys fees, and provides in relevant part:

> Attorney's Fees. If any action or proceeding is brought for the enforcement of this Agreement, or because of an alleged dispute, breach, default, or misrepresentation in connection with any of the

provisions of this Agreement, the successful or prevailing party shall be entitled to reasonable attorneys' fees and other costs incurred in that action or proceeding, in addition to any other relief to which it or they may be entitled.

64. Section 8.09 of the Master LPA was incorporated by reference into subsequent agreements between the parties, which are identified in the Complaint.

65. Plaintiff has filed this action purportedly to enforce the Master LPA and subsequent agreements.

66. Pine State has incurred and will continue to incur attorneys' fees and other costs in defending against Plaintiff's claims in this action.

67. Upon the resolution of Franklin Credit's claims in Pine State's favor, Pine State is entitled to an award of its attorneys' fees and costs.

WHEREFORE, Pine State requests that the relief requested in the Complaint be denied, that this Court enter judgment for Pine State on its counterclaim in an amount equal to Pine State's attorneys' fees and costs in this matter, and award Pine State such additional relief as the Court deems appropriate.

Dated: New York, New York
April 30, 2008

VENABLE LLP

By: /s/ Edward P. Boyle
Edward P. Boyle (EB-1294)
Brian Maddox (BM-6128)
Rockefeller Center
1270 Avenue of the Americas, 25th Floor
New York, NY 10020
Tel: (212) 307-5500
Fax: (212) 307-5598

*Attorneys for Defendant Pine State Mortgage Corporation*

7